

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1666
Re: Whether 20% award tax is due upon
prizes given at Elks Lodge party.

In your letter of December 12, 1939, you submit the following facts:

"B. P. O. E., Elks Lodge No. 216, San Antonio, have planned a Christmas party and dance to be held December 19 which is open to the general public and at which time they will give prizes consisting of two automobiles, a frigidaire, a trip to Cuba with expenses paid as well as many other cash and merchandise prizes. The purpose of the party, to which an admission is charged, is to raise money for crippled and underprivileged children and many other charitable organizations. The prizes will be awarded under the following procedure. Tickets are being sold by means of a punch board to the general public at prices ranging from 1¢ to 25¢. The ticket entitles the purchaser to a chance on one or more prizes.

"The purchaser punches one of the holes in the punch board which may contain any number from number 1 to number 25. The purchaser is required to pay for the ticket in an amount equal to the number he punches from the board. As an example, if he punches number 1, he is required to pay 1¢ for the ticket; if he punches number 25, he is required to pay 25¢ for the ticket.

"The night of the party the tickets bearing the purchasers' names will be placed in a container or receptacle from which they will be

drawn by some disinterested person, one by
one, until all the prizes have been awarded.
An admission charge is also made to the
party but the winner does not have to be
present when the prizes are awarded in order
to receive a prize."

In your letter of December 15, 1939, you give us
the additional information that the party is not to be held
in the lodge hall of the Elks Lodge, but will be held upon
the stage of the Municipal Auditorium of the City of San
Antonio.

You request our opinion as to whether or not the
prizes to be so awarded will be subject to the 20% award
tax levied by Article 7047f, Vernon's Civil Statutes, which
reads, in part, as follows:

"(a) Every person, firm, or corpora-
tion conducting a theatre, place of amuse-
ment, or any business enterprise in con-
nection with the operation of which a prize
in the form of money or something of value
is offered or given to one or more patrons
of such theatre, place of amusement, or
business enterprise, and not given to all
patrons thereof paying the same charge for any
certain service, commodity, or entertainment,
shall make a verified monthly report on the
twenty-fifth day of each month to the Comp-
troller of Public Accounts of the State of Tex-
as, showing the amount of money so given in
prizes, and the value of all prizes or awards
so given in connection with such business dur-
ing the next preceding month.

"(b) There is hereby levied a tax equal to
twenty per cent (20%) of the value of all such money,
prizes, and awards given in connection with the op-
eration of each and all of the foregoing business
enterprises, and at the time of making the report
to the Comptroller of Public Accounts, the owner
or operator of any such business shall pay to the
State Treasurer such tax upon the total amount
of money, prizes, and awards so given during the
next preceding month. * * *"

From a reading of the above statute, it is seen that not every award or prize is taxable thereunder. The statute does not purport to levy such tax unless the prize is offered or given in connection with the operation of a theatre, place of amusement, or some business enterprise. We have heretofore pointed out that the mere occasion of making the award cannot in itself provide the business enterprise in connection with the operation of which such prize is given. Tax laws are to be construed strictly. Yellow Cab Company v. Pengilly, 11 S. W. (2d) 560; State v. San Patricio Canning Company, 17 S. W. (2d) 160.

It is our opinion that these prizes will not be subject to the tax of Article 7047f, Vernon's Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
(Signed)    Glenn R. Lewis
                    Assistant

GRL: pbp

APPROVED- Dec. 23, 1939
(Signed)  Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED -- Opinion
  Committee - By BWB,
  Chairman